No. 25-1596

# In the United States Court of Appeals for the Fourth Circuit

ASHLEY ANNA COOPER,

*Plaintiff-Appellant,*

*v.*

CITY OF WHEELING; OFFICE CODY MCCORMICK; and
OFFICER BEN YOUNG,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of West Virginia, Wheeling Division

## RESPONSE BRIEF OF APPELLEES

Thomas E. Buck, Esq.
W.Va. Bar ID #6167
tbuck@baileywyant.com
Benjamin P. Visnic, Esq.
W.Va. Bar ID #12289
bvisnic@baileywyant.com
Bailey & Wyant, PLLC
1219 Chapline Street
Wheeling, WV 26003
(304) 233-3100

*Counsel for Appellees City of
Wheeling, Officer Cody
McCormick, and Officer Ben
Young*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES..................................................................................ii

I.     JURISDICTIONAL STATEMENT..................................................... 1

    A.     District Court Jurisdiction..................................................... 1

    B.     Court of Appeals Jurisdiction ............................................... 1

II.    STATEMENT OF ISSUES PRESENTED FOR REVIEW........................... 1

III.   STATEMENT OF THE CASE ............................................................ 1

IV.    SUMMARY OF THE ARGUMENT....................................................... 2

V.     ARGUMENT .................................................................................. 3

    A.     Standard of Review ............................................................. 3

    B.     The Court correctly identified law showing that the statute of limitations on a § 1983 malicious prosecution claim in one (1) year. . 3

    C.     Plaintiff's claim fails to state a claim upon which relief can be granted, and further proceedings are futile. ...................................... 11

        1.     Cooper has not pled facts which meet the standard necessary to show a lack of probable cause for purposes of maintaining a malicious prosecution claim........................................................ 12

        2.     Cooper has not pled that any defendant acted with reckless disregard. ..................................................................... 13

        3.     Cooper does not state a claim against the City of Wheeling. ....... 15

    D.     Cooper does not state a claim against Officer Ben Young................. 16

    E.     Officers McCormick and Young are protected by qualified immunity ..................................................................................... 17

VI.    CONCLUSION................................................................................ 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Baldau v. Jonkers,*
    229 W.Va. 1, 725 S.E.2d 170 (2011) ....................................................................8

*Broadnax v. Pugh,*
    No. 5:15 -03736, 2017 WL 5617768, at (S.D.W. Va. Oct. 24, 2017)...............6

*Burrell v. Virginia,*
    395 F.3d 508 (4th Cir. 2005)....................................................................11

*Daniel v. Dean,*
    No. 3:23-00712, 2025 WL 424726, (S.D.W. Va. Jan. 8, 2025)...................6, 14

*Durham v. Horner,*
    690 F.3d 183 (4th Cir. 2012)....................................................................11

*Franks v. Delaware,*
    438 U.S. 154 (1978)....................................................................12, 13

*Gravely v. Hinchman,*
    No. 3:24-00583, 2025 WL 2058777, (S.D.W. Va. July 23, 2025)...............7, 9

*Hamlet v. W. Virginia,*
    No. 1:06-0181, 2009 WL 261450, (S.D.W. Va. Feb. 3, 2009)............5, 6, 9, 10

*Herbert J. Thomas Mem'l Hosp. Ass'n v. Nutter,*
    795 S.E.2d 530 (1998) ....................................................................7

*Hupp v. Cook,*
    931 F.3d 307 (4th Cir. 2019) ....................................................................9

*Hutchison v. City of Huntington,*
    198 W.Va. 139, 479 S.E.2d 649 (1996) ....................................................18

*Jackson v. Carin,*
    128 F.4th 525 (2025)…………………………………………………2, 13, 14

*Maciarello v. Sumner,*

ii

973 F.2d 295 (4th Cir. 1992) ............................................................ 18

Manning v. Caldwell for City of Roanoke,
    930 F.3d 264 (4th Cir. 2019) ....................................................... 11

Maston v. Wagner,
    236 W.Va. 488, 781 S.E.2d 936 (2015) ......................................... 18

McCausland v. Mason County Bd. of Ed.,
    649 F.2d 278 (1981) ..................................................................... 6

Messerschmidt v. Millender,
    565 U.S. 535 (2012) ................................................................... 12

Monell v. Department of Social Services,
    436 U.S. 658 (1978) ................................................................... 16

Owens v. Okure,
    488 U.S. 235, (1989) ............................................................. passim

Powell v. Tordoff,
    911 F. Supp. 1184 (N.D. Iowa 1995) .............................................. 8

Preiser v. MacQueen,
    177 W.Va. 273 S.E.2d 22 (1985) ................................................... 8

Richards v. Walker,
    813 S.E. 2d 923, (W.Va. 2018) ...................................................... 7

Sheehan v. Ryan,
    111 F. Supp. 2d 792 (W.D. La. 2000) ............................................ 8

Singleton v. Wulff,
    428 U.S. 106 (1976) ................................................................... 11

Smith v. Travelpiece,
    31 F. 4th 878 (4th Cir. 2022) ................................................... 9, 10

Snodgrass v. Sisson's Mobile Home Sales, Inc.,
    161 W.Va. 588, 244 S.E.2d 321 (1978) .......................................... 6

Spainhour v. Jones,
    No. 4:19-00202 KGB 2020 WL 1312453, (E.D. Ark. Mar. 18, 2020) ...... 8

Thompson v. Clark,
    596 U.S. 36 (2022) ................................................................... 11

*Wallace v. Kato,*
 549 U.S. 384 (2007) ....................................................................... 7

*Wilson v. Garcia,*
 471 U.S. 261 (1985)……………………………………...…4, 7, 8, 9, 10

*Wilt v. State Auto. Mut. Ins. Co.,*
 203 W.Va. 165, 5206 S.E.2d 608 (1998)…………………………….…6, 7

*Young v. Lacy, ,*
 No. 1:17-03633, 2020 WL 4251798, (S.D.W. Va. July 24, 2020)…………..6

**Statutes and Other Authorities:**

28 U.S.C. § 1291 ............................................................................... 1

28 U.S.C. § 1331 ............................................................................... 1

42 U.S.C. § 1983 ……………………………………………………1,15

Fed. R. App. P. 4 ............................................................................. 1

NY CPLR § 214 .............................................................................. 4

NY CPLR § 215……………………………………………………….4, 5

W. Va. Code § 55-2-12………………………………………………4,  5, 9, 10

W.Va. Code § 55-2-12(b)………………………………………………1, 10

W.Va. Code § 55-2-12(c)………………………………………………5, 7, 10

## I.     JURISDICTIONAL STATEMENT

### A.     District Court Jurisdiction

At all times relevant to the instant case, the United States District Court for the Northern District of West Virginia  ("District Court") had subject matter jurisdiction over the constitutional claims alleged by Appellant Ashley Anna Cooper ("Appellant" or "Cooper") pursuant to 42 U.S.C. § 1983 in Count I of her Complaint and Amended Complaint, as those claims constitute a federal question governed by 28 U.S.C. § 1331.

### B.     Court of Appeals Jurisdiction

The Fourth Circuit Court of Appeals has subject matter jurisdiction over the instant case pursuant to 28 U.S.C. § 1291 and Fed. R. App. P. 4.

## II.     STATEMENT OF ISSUES PRESENTED FOR REVIEW

Whether the District Court erred in applying the one-year portion of West Virginia's residual statute of limitations for personal injury actions to Appellant's federal malicious prosecution claim, rather than West Virginia's two-year portion of the residual statute of limitations period under W. Va. Code § 55-2-12(b).

## III.     STATEMENT OF THE CASE

On December 16, 2024, Cooper filed a Complaint in the Northern District of West Virginia which Cooper believes stated a cause of action under § 42 U.S.C. 1983. *See, e.g.*, J.A. 008 - 009. Respondents do not agree that Appellant supplied

1

facts which support an actionable complaint, and believe this appeal to be futile. *See* J.A. 017 – 021.

In fact, Respondents were so unclear on the purpose of the Complaint that they filed a Motion to Dismiss, or, in the alternative, for a More Definite Statement, because it appeared that the claim could be wrongful arrest, malicious prosecution, both, or neither. *See* J.A. 015 – 016. Respondents identified that if the claim was wrongful arrest, the statute of limitations would have run on the same. J.A. 017.

Respondents further moved to dismiss because if Cooper *was* raising a malicious prosecution claim, they did not allege facts which, if true, could sustain a malicious prosecution claim. J.A. 017 – 021.

However, the Court granted Respondents' Motion to Dismiss on the grounds that the statute of limitations for a malicious prosecution claim in West Virginia is one (1) year. J.A. 045 – 047. Since the charges against Cooper were dismissed on January 23, 2023, her claim was long overdue when she filed it in December 2024. J.A. 048.

Petitioner appealed.

## IV.    SUMMARY OF ARGUMENT

The District Court correctly identified multiple cases where West Virginia District Courts have found that the statute of limitations on a federal malicious

prosecution claim is, in fact, one (1) year, and this Court should apply that statute of limitations rather than the two (2) year statute for which Petitioner advocates.

Moreover, Petitioner's Complaint is futile, and fails to state a claim upon which relief can be granted irrespective of the statute of limitations issue.

## V.    ARGUMENT

### A.    Standard of Review

Respondents agree with Cooper that the standard of review is *de novo*.

### B.    The Court correctly identified law showing that the statute of limitations on a § 1983 malicious prosecution claim is one (1) year.

Neither Respondents, nor the Court, dispute Cooper's assertion that the cause of action accrued when Cooper's criminal charge was dismissed. *See, e.g.*, J.A. 048.

The only question Cooper raises with this Court is, effectively, whether the statute of limitations on a § 1983 malicious prosecution claim is one (1) year, or two (2) years. The District Court accurately identified numerous West Virginia District Court cases where the courts undertook analysis of the same and found it to be one (1) year. J.A. 047. The Courts finding a one (1) year statute of limitations on malicious prosecution claims are just applying the residual statute as written and followed by the state.

Respondent relies on *Owens v. Okure,* 488 U.S. 235, 235, 109 S. Ct. 573, 574, 102 L. Ed. 2d 594 (1989) and its progeny stating that "We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions,

3

courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." However, the application of *Owens* is not an exact one in West Virginia, as previous cases have found. Here, the distinction between the type of enumerated tort statute which *Owens* prohibits, and W. Va. Code § 55-2-12, is significant.

Specifically, *Owens* dealt with "what limitations period should apply to a § 1983 action where a State has one or more statutes of limitations for certain enumerated intentional torts, and a residual statute for all other personal injury actions." *Owens* at 236.

In *Owens,* the choice given to the Supreme Court was between NY CPLR § 215, which *specifically identifies* eight torts with a one-year statute of limitations, and NY CPLR § 214, which covers, *inter alia*, "an action to recover damages for a personal injury [except as provided elsewhere]." The Supreme Court's exhortations in *Wilson* clearly militate towards the use of § 214 in that case.

In fact, Cooper herself specifically relies on the idea that "intentional tort statutes vary in scope and content across jurisdictions and often contain multiple, narrowly drawn provisions," to support her position. ECF No. 15, p. 10.

However, the provision of West Virginia law at issue does not contain any "multiple, narrowly drawn provisions" applicable to intentional torts. W. Va. Code § 55-2-12, the residual statute of limitations, states, in its entirety:

4

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

§ 55-2-12(c) sets forth the one-year standard applied by the Court. This is properly following the residual statute. Petitioner is just unhappy the proper application of the residual statute results in a one-year time frame. § 55-2-12(c) is not analogous to NY CPLR § 215. It is not, in any sense, a list of "enumerated intentional torts." The entirety of § 55-2-12, rather, is broadly titled "Personal actions not otherwise provided for." § 55-2-12(c) is just one part of the state's residual statute of limitations. West Virginia's residual catch-all statute of limitations includes, *inter alia*, both one and two year statutes of limitation.

Here, the District Court literally applied the residual state statute, as required by *Owens*, to the most analogous tort, in accordance with many other district courts in the state. For instance, in *Hamlet v. W. Virginia*, No. CIV.A. 1:06-0181, 2009 WL 261450 (S.D.W. Va. Feb. 3, 2009), the Court found that, in dealing with a false imprisonment claim, that:

> Because there is no federally prescribed statute of limitation, Courts look to and apply their respective State's statutes of limitation. *See Owens v. Okure,* 488 U.S. 235, 249–50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The Fourth Circuit has recognized that "in the absence of any state statute of limitations specifically applicable to suits to redress

> a violation of civil rights, the West Virginia limitation on personal
> injury actions applies." *McCausland v. Mason County Bd. of Ed.,* 649
> F.2d 278 (4th Cir.1981), *cert. denied,* 454 U.S. 1098, 102 S.Ct. 671, 70
> L.Ed.2d 639 (1981). Under West Virginia law, the applicable period of
> limitations for a claim of "false arrest, false imprisonment, and
> malicious prosecution" is one-year. *Wilt v. State Auto. Mut. Ins. Co.,*
> 203 W.Va. 165, 506 S.E.2d 608, 613 (1998); *also see Snodgrass v.
> Sisson's Mobile Home Sales, Inc.,* 161 W.Va. 588, 244 S.E.2d 321
> (1978).

*Hamlet* at \*3. Critically, the Court effectively found that limitations period

"specifically applicable." *See also Daniel v. Dean*, No. 3:23-CV-00712, 2025 WL

424726, at \*4 (S.D.W. Va. Jan. 8, 2025) ("However, as this Court has previously

acknowledged, malicious prosecution claims also carry a one year statute of

limitation,") *Broadnax v. Pugh,* No. CV 5:15-03736, 2017 WL 5617768, at \*5

(S.D.W. Va. Oct. 24, 2017) (finding a one-year statute of limitations on a § 1983

false imprisonment claim).

    In *Young v. Lacy*, No. 1:17-03633, 2020 WL 4251798, (S.D.W. Va. July 24,

2020), the Court explained, in adopting magistrate court findings:

> The court thus adopts the PF&R's findings as to West Virginia statute
> of limitations provisions corresponding to each claim, as follows: i)
> search and seizure claim is subject to a two-year statute of limitations
> under West Virginia law; ii) false arrest and false imprisonment claims
> are subject to one-year statutes of limitations; iii) malicious prosecution
> claim is subject to a one-year statute of limitations; iv) defamation and
> perjury claims are subject to one-year statutes of limitations; and v)
> plaintiff's deliberate indifference claim is governed by a two-year
> statute of limitations.")

As recently as a month ago, the United States District Court for the Southern District of West Virginia found that:

> As § 1983 claims do not have a federally prescribed statute of limitations, courts must look to the statute of limitations under state law. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In this case, the Magistrate Judge did just that and found the statute of limitations for false arrest and imprisonment in West Virginia is one year. *PF&R*, at 13; *see Wilt v. State Auto. Mut. Ins. Co.*, 506 S.E.2d 608, 613 (1998) (stating that "[n]umerous torts such as ... false arrest, false imprisonment, and malicious prosecution take the one-year statute of limitations set forth in West Virginia Code § 55-2-12(c)"); *Herbert J. Thomas Mem'l Hosp. Ass'n v. Nutter*, 795 S.E.2d 530, 545 (W. Va. 2016) (same). Likewise, the Magistrate Judge recognized that the same one-year statute of limitations applies even if these claims are construed as malicious prosecution. *Id.* at 14; *see Richards v. Walker*, 813 S.E.2d 923, 929 (W. Va. 2018) (applying the one-year statute of limitations for a claim of malicious prosecution); *Wilt*, 506 S.E.2d at 613 (recognizing the same).

*Gravely v. Hinchman*, No. CV 3:24-00583, 2025 WL 2058777, at *1 (S.D.W. Va. July 23, 2025).

These opinions make good sense. The entire purpose of *Owens*, and *Wilson* before it, was expressly to "end [] the confusion over what statute of limitations to apply to § 1983 actions …" *Owens* at 251. That has clearly not occurred here. West Virginia has decided, essentially, that civil rights actions like malicious prosecution, wrongful arrest, and so forth are all governed by a one-year statute of limitations *under their residual rule. Wilt v. State Auto. Mut. Ins. Co.,* 203 W.Va. 165, 506 S.E.2d 608, 613 (1998). Proper application of West Virginia's residual statute of limitations results in a one-year limitation. *Owens* does not prohibit the use of a

7

single-year statute of limitations. *See, e.g., Sheehan v. Ryan*, 111 F.Supp.2d 792 (W.D. La. 2000) (using Louisiana's one-year statute of limitations on torts for an unlawful arrest claim). West Virginia's statute of limitations on malicious prosecution, similarly, is not part of a specific enumerated list. [12]

As a practical matter, too, the value of providing two separate statutes of limitations for identical claims in the same state is questionable at best. West Virginia's malicious prosecution law requires a plaintiff to show that "(1) that the prosecution was malicious, (2) that it was without reasonable or probable cause and (3) that it terminated favorably to plaintiff." Syl. Pt. 1, in part, *Preiser v. MacQueen*, 177 W.Va. 273, 352 S.E.2d 22 (1985); *see also Baldau v. Jonkers*, 229 W. Va. 1, 9, 725 S.E.2d 170, 178 (2011) (quoting *Preiser*). A federal "malicious prosecution"

---

[1] While not directly on point in this matter, fidelity to the Court's decision in *Owens* has also created a panoply of limitations period shopping in certain areas. For instance, Louisiana's statute of limitations, as above, is one (1) year, but across the border in Arkansas it is three (3) years. *See, e.g, Spainhour v. Jones*, No. 4:19-CV-00202 KGB, 2020 WL 1312453 (E.D. Ark. Mar. 18, 2020). Notably, in 2020, the *Spainhour* Court explains that the Eighth Circuit had to overrule *itself* in 2005 regarding the application of Missouri's statute of limitations, because it believed it was applying *Wilson* and *Owens* incorrectly, making the statute of limitations in *Missouri* five (5) years. *Id.* at 4. One state north, Iowa's statute of limitations for the same claim is two (2) years. *Powell v. Tordoff*, 911 F. Supp. 1184, 1196 (N.D. Iowa 1995). *Owens*, in practice, has created both patchwork statutes of limitation across the states *and* confusing and inconsistent statutes within the single states.

[2] These issues abound around the country. Louisiana has no particularly special meaning to *Owens* analysis; Respondents' counsel chose Louisiana primarily because its laws refer to torts as "Delictual Actions."

claim, *i.e.*, a "Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort," requires a plaintiff to prove that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Hupp v. Cook*, 931 F.3d 307, 323–24 (4th Cir. 2019). It is unclear what judicial efficiency is achieved by *not* applying the state's own malicious prosecution limitations to the § 1983 claim, and instead allowing malicious prosecution claims to skirt the statute of limitations so long as the itinerant plaintiff claims a violation of *federal*, and not *state*, rights. *See, e.g., Hamlet, supra.*

Such a finding is inconsistent with the purposes of the cases creating that rule, and has apparently created enough confusion over the last forty (40) years that either side of this argument can string cite a long list of cases to support their positions.

The District Court's decision, and the other lower court decisions set forth in the District Court's Order and in this brief, are consistent with the idea that § 55-2-12, the catchall statute of limitations statute, governs § 1983 claims. They do not reference any enumerated statutes, as forbidden by *Owens*. In fact, many of them directly cite *Owens* in making their decisions. *See, e.g., Hamlet, Gravely, supra.* Dismissal, therefore, remains proper in this case.

Finally, Petitioner argues that *Smith v. Travelpiece,* 31 F.4th 878, 882 (4th Cir. 2022) engaged in a "detailed analysis of the Supreme Court's rulings in *Wilson*

and *Owens*," to which this Court should now be beholden. ECF No. 15, p. 14. The

*Travelpiece* case is largely focused on when a statute of limitations begins to run on

a Fourth Amendment *unreasonable search and seizure* claim. The "detailed

analysis" upon which Cooper relies appears to be limited to the following:

> Applying a § 1983 claim's statute of limitations requires examining
> both state law and general common law. State law determines the
> applicable term of limitations for a § 1983 claim. *Owens v. Okure*, 488
> U.S. 235, 239, 249–50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). As the
> claim here arose in West Virginia, West Virginia's two-year statute of
> limitations for personal injury actions applies. *See* W. Va. Code § 55-
> 2-12(b).

> *Smith v. Travelpiece*, 31 F.4th 878, 883 (4th Cir. 2022). This analysis is not

so detailed as to be considered a dispositive assertion that § 55-2-12(b), and not (c),

applies to a malicious prosecution claim.

Moreover, finding, as the above courts did, that § 55-2-12(c), rather than (b),

applies here is not inconsistent with the Supreme Court's instructions in *Wilson* and

*Owens*. The District Court here, like the other courts discussed *supra*, did not apply

an enumerated limitations statute. It merely applied a different and proper part of §

55-2-12. *See, e.g., Hamlet v. W. Virginia*, No. CIV.A. 1:06-0181, 2009 WL 261450

(S.D.W. Va. Feb. 3, 2009).

This Court should therefore find that § 55-2-12(c), and not § 55-2-12(b),

identifies the applicable statute of limitations for Petitioner's malicious prosecution

claims.

**C.    Plaintiff's claim fails to state a claim upon which relief can be granted, and further proceedings are futile.[3]**

Statutes of limitation notwithstanding, Cooper does not allege a malicious prosecution claim upon which relief can be granted. "To state a Section 1983 claim for a seizure in violation of the Fourth Amendment, the defendant must have 'seized plaintiff pursuant to legal process that was not supported by probable cause and the criminal proceeding [must] have terminated in plaintiff's favor.'" *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005); *see also Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012).

Therefore, Plaintiff's Complaint must identify:

(1)    a seizure;

(2)    a lack of probable cause; and

(3)    a favorable result in the underlying litigation.[4]

---

[3] The Defendants' Motion to Dismiss. *See* J.A. 011 – 024. This Court has found that it can, in fact, review any issue presented by the case which it sees fit, as necessary. "The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases." *Manning v. Caldwell for City of Roanoke*, 930 F.3d 264, 271 (4th Cir. 2019) (quoting *Singleton v. Wulff*, 428 U.S. 106, 121 (1976). As a matter of judicial efficiency, Respondents have therefore raised this argument which was before the district court but which its Order did not reach.

[4] The State's voluntary dismissal of a lawsuit is a "favorable outcome" under current Supreme Court jurisprudence. *Thompson v. Clark*, 596 U.S. 36, 42 (2022).

11

Plaintiff has claimed that she was seized, as she spent some brief portion of November 13, 2022 at Northern Regional Jail before being released on a personal recognizance bond, *i.e.*, she spent a few hours in jail and paid no money before being released. She has further claimed that she received a favorable result in the underlying litigation because the case was dismissed by the prosecutor. The question, then, is whether Plaintiff has properly pled a lack of probable cause. Under the operative law, she has not.

**1.    Cooper has not pled facts which meet the standard necessary to show a lack of probable cause for purposes of maintaining a malicious prosecution claim.**

A warrant issued by a neutral magistrate generally establishes probable cause, as in this case. *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012). To challenge that determination, "the person arrested can … demonstrat[e] that the affidavit filed to obtain the warrant … was false or misleading." *Jackson v. Carin*, 128 F.4th 525 (2025).

To do so is an extremely high standard. The *Jackson* Court continued:

To mount such a challenge, the arrestee must "make[] a substantial preliminary showing that a false statement, knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Jackson* at 534 (quoting, in part, *Franks v. Delaware*, 438 U.S. 154, 155 – 156

(1978)). In fact, Cooper specifically refers to her claim as a "case of mistaken identity." ECF No. 15, p. 8, ¶ 3

Here, Cooper does not claim that Officer McCormick knowingly and intentionally made a false statement to procure a warrant. Plaintiff's claim specifies that McCormick failed to conduct a reasonable investigation. ECF No. 1, ¶¶ 33, 36. Cooper further accuses McCormick of "recklessly disregard[ing] the truth." *Id.* at ¶ 37. Cooper is therefore aware that she is required to plead facts which, if true, would show that Officer McCormick "recklessly disregarded" the truth. Because Cooper has not pled that McCormick, or any other defendant, acted with reckless disregard, she cannot proceed with her malicious prosecution claim.

**2.     Cooper has not pled that any defendant acted with reckless disregard.**

Reckless disregard is, again, an extremely high standard to meet. *See, e.g.*, *United States v. Tate*, 524 F.3d 449, 454 (4th Cir. 2008) ("The burden of making the necessary showing thus a heavy one to bear." Evidence of an affiant's ***innocent*** or even ***negligent*** mistakes in an affidavit ***provide no basis for a constitutional violation.***" *Jackson* at 534; *see also Tate* at 454 ("allegations of negligence or innocent mistake are insufficient,") *Miller v. Prince George's Cty.*, 475 F.3d 621, 627 – 628 (4th Cir. 2008), *Franks v. Delaware*, 438 U.S. 154, 155-156 (1978).

Specifically, to show reckless disregard, Cooper must be able to identify that McCormick "acted with a high degree of awareness of a statement's probable falsity,

that is, when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Jackson* at 534. Cooper can also establish reckless disregard by showing that the officer "failed to inform the judicial officer of facts he knew would negate probable cause." *Id.*

Cooper does not plead facts which satisfy either of those conditions. Instead, she is alleging that she was wrongly arrested due to mistaken identity. *See* ECF No. 1, ¶¶ 8 – 27. While she writes the word "reckless" in her Complaint, conclusory statements do not satisfy federal pleading standards. *See, e.g.*, *Iqbal, supra.* She does not identify any facts which indicate that any officer gave a statement he knew was likely false, nor does she identify any facts which indicate that any officer hid facts from the magistrate which would negate probable cause. This lack of factual allegations is fatal to her case. *See Daniel v. Dean*, No. 3:23-CV-00712, 2025 WL 424726, at *6 (S.D.W. Va. Jan. 8, 2025) (finding qualified immunity in a mistaken identity case because "Plaintiff Daniel does not assert that Defendant Dean lied to or misled the magistrate while presenting the Criminal Complaint which led to the issuance of a warrant against Plaintiff Daniel," discussed further *infra*.)

Rather, Cooper is effectively alleging a negligence claim, for which she expressly cannot recover. *See, e.g, Miller* at 627 – 628. She hypothesizes, without factual support, that McCormick should have somehow "cross-referenc[ed]" Ashley

Cooper's protected medical information from Northwood Health Systems with an unidentified police database. ECF No. 1, ¶ 35. She then claims, without factual support, that if this would have been done, the "correct 'Ashley Cooper' would have been identified and subsequently charged." ECF No. 1, ¶ 37. In other words, Cooper is claiming that the officers breached their duty to conduct a reasonable investigation, and that she was damaged by this breach. Those are not the elements of a malicious prosecution claim.

Rather, the *sine qua non* of any malicious prosecution claim is the existence of extremely likely falsity or express failure to provide information to the magistrate. Cooper does not allege either of those situations here, either expressly in her legal theories of recovery or implicitly in her allegations. If Cooper has not pled facts which, if true, would enable a jury to find that an action was reckless, Cooper has not, then, pled facts which, if true, would enable a jury to find that there was an absence of probable cause for the issuance of the warrant. Without facts which, if true, would establish the absence of probable cause for the issuance of the warrant, Cooper has not pled a malicious prosecution claim upon which relief can be granted.

**3.      Cooper does not state a claim against the City of Wheeling.**

Cooper further does not state a claim against the City of Wheeling upon which relief can be granted. Cooper generally cannot bring a claim against the City of Wheeling under 42 U.S.C. § 1983 for injuries caused by its employees or agents,

which is what Cooper appears to be attempting here. *See, e.g., Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). To bring such a claim, Cooper must identify a municipal policy or custom that allegedly caused Cooper's injury which would satisfy the narrow exception set forth in *Monell*.

Here, Cooper does not make a single allegation against the City of Wheeling, let alone a carefully tailored allegation which satisfies *Monell*. The first and only time the City is directly identified in the Complaint is in the "Parties" section, where Cooper identifies the City as a "municipality" which is "authorized to and, in fact, did operate a municipal police department." ECF No. 1, ¶ 5.

Cooper does not allege make any factual allegations against the City of Wheeling, let alone any facts which would allow it to proceed on a § 1983-based theory of liability.

## D. Cooper does not state a claim against Officer Ben Young.

Cooper's Complaint names Officer Ben Young as a defendant in the case caption and identifies him as "a police officer employed by the Police Department of the City of Wheeling" in the Complaint. ECF No. 1, ¶ 7. Plaintiff alleges that Defendant Cody McCormick prepared the warrant in the underlying matter and submitted it to the magistrate. ECF No. 1, ¶¶ 15 – 20. The only factual mention of Officer Young in the Complaint is a reference to the criminal complaint against

Plaintiff, which states in relevant part, "I, Officer McCormick, along with my FTO SGT Young took a walk-in complaint from a Megan Duerr." ECF No. 1, ¶ 19.[5]

Apparently from this singular allegation, Cooper makes multiple unsubstantiated conclusory claims, *i.e.*, that Officer Young failed to conduct a reasonable investigation, that but for his "reckless disregard" of the truth, the proper Ashley Cooper would have been arrested, and that he took unidentified actions which were not in good faith and in violation of clearly established law. ECF No. 1, ¶¶ 36, 37, 39.

Cooper does not allege facts which support any such claims against Officer Young. Cooper identifies, at best, that Officer Young took a walk-in complaint and spoke to a witness to the alleged assault. ECF No. 1, ¶ 19. None of those facts, if true, come close to showing that a "reasonable investigation" was not conducted, that Officer Young "recklessly disregarded" any truth, that the alleged perpetrator would have been arrested, or that he acted in bad faith or in violation of any law. If true, Cooper's allegations would show that Officer Young took a complaint from a walk-in and then investigated it, which is not illegal in any sense of which Respondents are aware.

**E.    Officers McCormick and Young are protected by qualified immunity.**

---

[5] Plaintiff's quote from the report also includes a line from Officer McCormick stating that "we" spoke to the teacher, which may or may not be referring to Officer Young.

"Under the doctrine of qualified immunity, the discretionary actions of government agencies, officials and employees performed in an official capacity are shielded from civil liability so long as the actions do not violate a clearly established law or constitutional duty." *Id.* "Government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.*

Furthermore, "[a] public officer is entitled to qualified immunity for discretionary acts, even if committed negligently." *Maston v. Wagner*, 236 W.Va. 488, 500, 781 S.E.2d 936, 948 (2015). Qualified immunity is broad and protects "all but the plainly incompetent or those who knowingly violate the law." *Hutchison v. City of Huntington*, 198 W.Va. 139, 148, 479 S.E.2d 649, 658 (1996). Qualified immunity exists, in part, to make sure that police officers "are not liable for bad guesses in gray areas," but are only "liable for transgressing bright lines." *Maciarello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992).

Cooper is alleging that her constitutional rights were violated by, at worst, negligent actions of the Defendant Officers in this case. As that has never been found true before, it would certainly be a surprise here. Any such constitutional right to not be arrested appurtenant to allegedly negligent actions by the police has not yet been

identified. Qualified immunity therefore applies to protect Officers McCormick and Young in this matter.

## VI.    CONCLUSION

The District Court's judgment should be affirmed for the reasons set forth herein, and the case dismissed from this Court's docket, and because remanding this case would be futile because it does not state a claim upon which relief can be granted.


Thomas E. Buck, Esq.
W.Va. Bar ID #6167
tbuck@baileywyant.com
Benjamin P. Visnic, Esq.
W.Va. Bar ID #12289
bvisnic@baileywyant.com
BAILEY & WYANT PLLC
1219 Chapline Street
Wheeling, West Virginia 26003
(304) 233-3100


*Counsel for Appellees City of Wheeling, Officer Cody McCormick, Officer Ben Young*

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[X] this brief contains [4721] words.

[  ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.    This brief complies with the typeface and type style requirements because:

[X] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word*] in [*14pt Times New Roman*]; or

[  ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated:    08-14-2025                                      _____
                                                                          *Counsel for Appellees*

## CERTIFICATE FILING AND SERVICE

I hereby certify that on this 14th day of August 2025, I caused this Brief of

Appellee to be filed electronically with the Clerk of the Court using the CM/ECF

System, which will send notice of such filing all following registered CM/ECF users.

*Counsel for Appellees City of
Wheeling, Officer Cody
McCormick, and Officer Ben
Young*